ARBONA, DEMANDANTE, APELANTE Y APELADO, *v.* TORRES, DEMANDADA, APELADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre entrega de hijos naturales en ejercicio de patria potestad.

No. 1474.—Resuelto en julio 27, 1916.

PATRIA POTESTAD—HIJOS ILEGÍTIMOS—ALIMENTOS A LA MADRE ILEGÍTIMA QUE CONSIGNABA EN 1908 EL ARTÍCULO 190 DEL CÓDIGO CIVIL.—Desde 1907 en cuyo año fué reformado el artículo 222 del Código Civil la patria potestad

sobre los hijos ilegítimos cuando el padre y la madre los hubieren reconocido corresponde en primer término al padre y en ausencia, impedimento legal o muerte de éste a la madre, sin que sea obstáculo a ella y a su ejercicio el hecho de que el artículo 190 del mismo texto dispusiera cuando nacía un niño que el padre del hijo ilegítimo debería sostener a la madre y al hijo.  El caso de *Vargas* v. *Gispert*, 15 D. P. R. 141, se distingue del presente.

ID.—SUS LIMITACIONES—ARTÍCULO 236 DEL CÓDIGO CIVIL.—Los casos en que un padre puede ser privado de la patria potestad son los enumerados en el artículo 236 del Código Civil, a cuyo estatuto le es aplicable la máxima *expressio unius est exclusio alterius.*

HIJOS NATURALES—ENTREGA DE HIJOS NATURALES EN EJERCICIO DE LA PATRIA POTESTAD—ALIMENTOS DE LA MADRE.—Cuando un demandado en un pleito sobre entrega de hijos naturales en ejercicio de patria potestad se limita en su contestación a pedir que se desestime la demanda y nada aduce en ella ni por contrademanda para que se declare que tenía derecho a alimentos, ni que se le concedieran, ni hubo prueba respecto a las necesidades del hijo y la madre, ni sobre los gastos que tiene el demandante, y únicamente existe la contestación a una pregunta excepcionada, en la que aparecen escuetamente las entradas que tiene el demandante por rentas y ganancias, dicha cuestión de alimentos no fué sometida al tribunal y carece por tanto de jurisdicción para resolverla.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. A. F. Castro.*

Abogado de la demandada: *Sr. Francisco Parra.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La cuestión a resolver en este recurso es a quién corresponde la patria potestad sobre dos niños que son hijos naturles reconocidos por las partes litigantes.  Uno de los niños tenía siete años y el otro tres cuando se presentó la demanda en mayo de 1915, hecho aceptado en la contestación, y, por tanto, debieron nacer el primero en el año 1908 y el segundo en 1912.  El juez de distrito de Ponce resolvió por su sentencia que el primero quedase bajo la patria potestad de la madre y el segundo en la del padre.  Otro hijo más pequeño no lo reclama el padre por su poca edad.  Ambas partes apelaron de la sentencia y como es natural la atacan en el sentido de que a cada uno corresponde el niño que se manda entregar al otro.

El artículo 222 del Código Civil tal como rige desde el año 1907 en que fué enmendado dispone que la patria potestad sobre los hijos legítimos no emancipados corresponde en primer

término al padre, y en ausencia, impedimento legal o muerte de éste, a la madre; y la de los hijos ilegítimos al padre o a la madre que los haya reconocido, y si ambos los hubieran reconocido será en ese caso aplicable la regla establecida para los legítimos. Fundado en este precepto dispuso la sentencia que el más pequeño de esos niños fuera entregado al padre en ejercicio de su patria potestad, extremo que acepta el padre mas no la madre, quien alega que debe quedar en su poder porque si bien es verdad que la patria potestad sobre él le corresponde al padre su ejercicio no es absoluto y está subordinado al interés del hijo, y que dado que el demandante no se preocupó en ver a sus hijos desde que llegó de España, lo que demuestra abandono y poca intensidad de afectos, y que la niña tiene poco más de tres años de edad y necesita del cuidado de la madre, entiende que existen motivos para que la madre la conserve bajo su patria potestad.

Sin embargo la ley es clara: concede en primer término la patria potestad al padre que la reconoció según admite la recurrente y los motivos que alega la madre para que el padre sea privado de la patria potestad sobre esa niña no son ninguno de los que la ley ha determinado con tal fin. En el caso de *Le Hardy* v. *Acosta,* 18 D. P. R. 456 tratando esta materia dijimos que las condiciones y reservas que limitan la patria potestad son las consignadas en nuestros estatutos y que el artículo 236 del Código Civil expresa claramente las condiciones y limitaciones en que pueden los padres ser privados de la patria potestad con respecto a sus hijos, o en que puede suspenderse la misma y que a ese estatuto, lo mismo que a otros le es aplicable la máxima "*expressio unius est exclusio alterius*" y que esos son los casos en que los tribunales pueden privar por un período más o menos corto o largo al padre del derecho al dominio y custodia de sus hijos. Como ninguno de los hechos alegados por la madre contra el padre se hallan comprendidos en el artículo 236 del Código Civil es claro que la custodia de esa niña corresponde al padre y el juez no cometió error al declararlo así.

Con respecto al niño nacido en 1908 la cuestión es distinta.

Se reconoce por las partes y por el juez que el artículo 222 enmendado a que hemos hecho referencia al principio de esta opinión es el aplicable pero se sostiene por la madre y por el juez como fundamento de su sentencia disponiendo que quede en poder de la madre, que habiendo nacido antes de 1911 en cuya fecha el artículo 190 del Código Civil fué derogado porque se le sustituyó por otra disposición, de acuerdo con él y según lo declarado en *Vargas* v. *Gispert,* 15 D. P. R. 141, la madre adquirió un derecho del que sería privada si se aplicara el artículo 222 por cuya razón es que para sostener ese derecho deja de aplicarse el precepto que dispone que al padre corresponde la patria potestad sobre ese niño.

La disposición del artículo 190 citado vino por primera vez a nuestras leyes al aprobarse el Código Civil Revisado en el año 1902, y dice así:

"El padre del hijo ilegítimo deberá sostener a la madre, y al hijo hasta la edad de diez y ocho años, comprendiéndose los gastos de la educación para una profesión u oficio, con arreglo a su posición. Si después de los diez y ocho años, el hijo no pudiese trabajar por imperfección física o mental, deberá el padre seguir sosteniéndole. El sostenimiento consistirá en una pensión mensual en metálico pagada anticipadamente."

En el caso de *Vargas* v. *Gispert, supra,* el hijo que se discutía nació antes de ser reformado el artículo 222 del Código Civil de acuerdo con el cual la patria potestad correspondía al padre y a la madre conjuntamente y se declaró que tal como fué reformado en 1907, o sea dando preferencia al padre para la patria potestad, no podía perjudicar derechos adquiridos por la madre que ya tenía patria potestad sobre su hijo cuando se aprobó la enmienda, y con respecto a la contradicción aparente entre los artículos 190 y 217 y 218 del mismo texto referente estos dos a que la obligación de dar alimentos será exigible cuando se necesitaren y que el obligado a prestarlos podría elegir entre pagarlos o mantener en su

casa al que tiene derecho a ellos, se resolvió que siendo el 190 específico y el 218 general, debe seguirse el específico y excluirse el general por lo que el niño debía quedar en poder de la madre. También resolvió que si se aplicara el artículo 218 se privaría a la madre de atender a sus necesidades con los medios que otorga el hijo y no sería mantenida de acuerdo con el 190.

Sostiene sin embargo el padre apelante que ese caso no es aplicable porque en él la madre había adquirido la patria potestad al nacer su hijo, conjuntamente con el padre y por eso tenía el derecho de guardarlos en su compañía, pero que en el presente caso la madre no tiene esa patria potestad mientras no ocurra un motivo de incapacidad en el padre y que el artículo 190 no puede tener el alcance de privar al padre de su patria potestad y de conferírsela a la madre cuando la legislatura de modo tan expreso la confiere a aquél.

Creemos que el padre tiene razón porque habiendo nacido su hijo mayor cuando la legislatura en el año 1907 había declarado expresamente que la patria potestad correspondía al padre y que sólo en ciertos casos de excepción correspondía a la madre, en segundo término, no había adquirido la madre ningún derecho de patria potestad como en el caso de Gispert y que si bien continuó en el código el artículo 190 el derecho que concede es exigible en tanto en cuanto el padre no quiera ejercer su derecho preferente de patria potestad reconocídole por la enmienda de 1907 y que el caso de *Vargas* v. *Gispert* es distinto. Si específico es el artículo 190 más específica es la enmienda de 1907 y si el artículo 236 especifica los casos en que se pierde la patria potestad no comprendemos cómo se pueda privar de ella a quien exclusivamente se le dió, por una causa no determinada en la ley. Quizás el artículo 190 crea un derecho en la madre a ser mantenida pero ésta no es cuestión que tengamos que resolver ahora. Al padre le corresponde la patria potestad sobre ese hijo y no hay motivo para que se le prive de su ejercicio.

También se queja el padre de la sentencia en cuanto decla-

ró que la madre tiene derecho a percibir una pensión alimenticia en unión de su hijo en proporción a la prueba habida con respecto a alimentos, porque en este caso no se planteó cuestión alguna sobre alimentos, ni se presentó prueba sobre ellos.

La demandada se limitó en su contestación a la demanda a pedir que se desestimara y nada adujo en ella ni por contra demanda para que se declarase que tenía derecho a alimentos ni que se le concedieran. La prueba en verdad no se refirió a los bienes que tuviera el demandado sino por una pregunta, que fué excepcionada, y por la contestación a ella en la que aparecen escuetamente las entradas que tiene el demandante por rentas y ganancias de su trabajo. Nada hubo respecto a las necesidades del hijo y la madre ni sobre los gastos que tiene el demandante.

Entendemos que esa cuestión no fué sometida al tribunal por las alegaciones y que no habiéndose practicado la prueba que hemos mencionado con el consentimiento de la parte demandante careció el juez de jurisdicción para resolver esa cuestión.

Por las razones expuestas la sentencia apelada debe ser revocada en cuanto niega al padre la custodia y patria potestad de su hijo Jaime nacido en 1908 y en cuanto declara derecho de alimentos a la demandada y que debe confirmarse en el otro extremo que reconoce la patria potestad del padre sobre su hija natural Rosa.

> *Revocada la sentencia apelada en cuanto niega al padre la custodia y patria potestad de su hijo Jaime nacido en 1908 y en cuanto declara el derecho de alimentos de la demandada y confirma dicha sentencia en el otro extremo que reconoce la patria potestad del padre sobre su hija Rosa.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

El Juez Presidente Sr. Hernández y el Asociado Sr. Hutchison disintieron.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE SR. HER-
NÁNDEZ, CON LA QUE ESTÁ CONFORME EL JUEZ ASOCIADO SR.
HUTCHISON.

No se discute en el presente caso, como así lo afirma con razón la parte demandada en su alegato escrito ante esta Corte Suprema, a quién corresponde la patria potestad sobre los dos niños que son hijos naturales reconocidos por las partes litigantes, pues está fuera de duda que le corresponde al padre, y se trata solamente de las condiciones de su ejercicio, o sea de si no obstante corresponder la patria potestad sobre los referidos niños al demandante, tiene éste derecho a que le sean entregados por su madre, en cuyo poder se encuentran. Esa es la cuestión legal sometida a la decisión de esta corte.

La demanda jurada fué presentada a la Corte de Distrito de Ponce el 20 de mayo de 1915 por el padre contra la madre en reclamación de la entrega de los hijos naturales de los mismos nombrados Jaime y Rosa, los cuales, según la alegación de la parte demandante, aceptada por la demandada, tenían en la fecha de la presentación de la demanda siete y dos años y medio de edad, respectivamente, habiendo nacido por tanto Jaime en 1908 y Rosa en 1912. Hay otra niña nombrada María Magdalena, de año y medio, que el demandante no reclama a pesar de haberla reconocido como a los otros dos.

Los referidos niños han vivido desde su nacimiento al calor y en compañía de su madre, atendiendo el padre a su manutención y sostenimiento. El demandante se ha unido en matrimonio legítimo con otra mujer y de esa unión tiene una niña. La demandada es una mujer honrada y así la considera el demandante.

El caso debe gobernarse por la ley que regía en las fechas del nacimiento de los niños Jaime y Rosa. Tanto en el año de 1908 en que nació Jaime como en el año de 1912 en que

nació Rosa, regía el artículo 222 del Código Civil Revisado tal como quedó enmendado por la ley de 14 de marzo de 1907; pero cuando nació Jaime regía también el artículo 190 de dicho código, cuyo artículo fué derogado por la Ley No. 73 de 9 de marzo de 1911, o sea cuando aún no había nacido Rosa.

El artículo 222 enmendado y el 190 a que hemos hecho referencia, dicen así:

"Art. 222.—La patria potestad sobre los hijos legítimos no emancipados corresponde, en primer término, al padre, y en ausencia, impedimento legal o muerte de éste, a la madre.

"Los hijos ilegítimos, y los adoptivos menores de edad, estarán bajo la potestad del padre o de la madre que los haya reconocido o adoptado. Si ambos los hubieran reconocido o adoptado, será en ese caso aplicable lo dispuesto en el párrafo primero de este artículo.

"Art. 190.—El padre del hijo ilegítimo deberá sostener a la madre, y al hijo hasta la edad de diez y ocho años, comprendiendo los gastos de la educación para una profesión u oficio, con arreglo a su posición. Si después de los diez y ocho años, el hijo no pudiese trabajar por imperfección física o mental, deberá el padre seguir sosteniéndole. El sostenimiento consistirá en una pensión mensual en metálico pagada anticipadamente."

La expresada ley de 14 de marzo de 1907 al enmendar el artículo 222 del Código Civil Revisado en los términos transcritos, dejando desde entonces de corresponder la patria potestad al padre y a la madre conjuntamente según originariamente prevenía dicho artículo, ni expresa ni tácitamente derogó el artículo 190; y, por tanto, aunque en virtud de aquella ley el demandante Arbona tuviera patria potestad sobre su hijo Jaime en primer término, y a falta del mismo su madre Margarita Torres, estaba obligado a sostener a la madre y al hijo hasta la edad de 18 años mediante una pensión mensual en metálico pagada anticipadamente. Tal derecho fué adquirido conjuntamente por la madre Margarita y el hijo Jaime al amparo del precepto del artículo 190 del Código Civil desde el nacimiento de Jaime en el año de 1908.

Si ese artículo era compatible con el primitivo artículo 222 que reconocía la patria potestad conjuntamente al padre

y a la madre, no encontramos razón alguna legal para que deje de ser compatible con el mismo artículo 222 enmendado que reconoce la patria potestad en primer término al padre y por ausencia, impedimento legal o muerte de éste a la madre. No es la patria potestad de la madre, sino la del padre, la que origina el derecho creado por el artículo 190. Su aplicación no tiene el alcance de privar al padre de la patria potestad confiriéndosela a la madre, y lejos de ello la afirma y ratifica en el padre como antes la afirmaba y ratificaba cuando la patria potestad era reconocida conjuntamente al padre y a la madre. El artículo 190 regula el ejercicio del derecho de patria potestad en el padre con relación a la prestación de alimentos a sus hijos ilegítimos pero no extingue ni suspende la patria potestad en el padre. Los artículos 235 y 236 del Código Civil se refieren a privación o suspensión del derecho de patria potestad, y no son aplicables, por tanto, al presente caso, el cual, con relación al niño Jaime, debe gobernarse por la doctrina que esta corte estableció y aplicó en el caso de *Vargas* v. *Gispert,* 15 D. P. R. 141.

Ciertamente que la ley de 9 de marzo de 1911 derogó el artículo 190 del Código Civil; pero ésa ley no puede tener efecto retroactivo, según el artículo 3 del mismo código preceptivo de que las leyes no tendrán ese efecto sino dispusieren expresamente lo contrario, no pudiendo en caso alguno el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. La ley de 9 de marzo de 1911 no tiene cláusula de efecto retroactivo, y por otra parte la demandada Margarita Torres y su hijo Jaime habían adquirido al amparo del artículo 190 un derecho de que no podían ser privados.

La sentencia apelada en cuanto afecta al niño Jaime está ajustada a derecho.

Por lo que toca a la niña Rosa, cuando ésta nació en el año de 1912 había sido ya derogado por la ley de 9 de marzo de 1911 el artículo 190 del Código Civil que hemos estimado aplicable al niño Jaime; pero como en virtud de dicha ley

el artículo 190 fué sustituído por el 134 del Código Civil
Español, según el cual el hijo natural tiene derecho a llevar
el apellido del que lo reconoce, a recibir alimentos del mismo
y a percibir la porción hereditaria correspondiente, sin que
exprese la forma en que el hijo debe recibir los alimentos,
opinamos que a la corte incumbe en uso de sus facultades
discrecionales, precisar y determinar si en un caso como el
presente la niña debe ser entregada al padre para que éste
cumpla los deberes que le impone la patria potestad, o si
para el mismo fin debe dejarse en poder de la madre.

Debemos tener en cuenta que el artículo 223 del Código
Civil al fijar los efectos de la patria potestad respecto a las
personas de los hijos, parece referirse a un estado normal
en que el hombre y la mujer vivan bajo un mismo techo con
sus hijos, sean éstos legítimos o naturales, en un hogar co-
mún.    Ese artículo dice así:

"Art. 223.—El padre y la madre tienen, respecto de sus hijos no
emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos
e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio
de todas las acciones que puedan redundar en su provecho.

"2. La facultad de corregirlos y castigarlos moderadamente o de
una manera razonable."

Por la ley de 14 de marzo de 1907 se enmendó el artículo
222 primitivo del Código Civil reformado, restableciendo el
artículo 154 del Código Civil Español que reconocía la patria
potestad al padre y en su defecto a la madre, pero el artículo
223 quedó en vigor en los mismos términos que estaba redac-
tado, reconociendo derechos al padre y a la madre respecto
de sus hijos no emancipados, sin consignar la limitación de
que la madre había de tener esos derechos *en defecto* del
padre, como ordenaba el artículo 155 del Código Civil Espa-
ñol, concordante del 223 ya transcrito del revisado.

Perturbada o disuelta la vida común del matrimonio por
demanda o sentencia de divorcio, establece el Código Civil
revisado en su artículo 166, que si hubiese hijos del matrimo-

nio cuyo cuidado provisional pidieran ambos cónyuges, sean puestos bajo el cuidado de la mujer mientras el juicio se sustancie y decida, a menos que concurran razones poderosas a juicio de la corte de distrito para privar a la mujer del cuidado de sus hijos en todo o en parte; y para el caso de haberse decidido la demanda de divorcio ordena el artículo 175 que los menores sean puestos bajo el cuidado y patria potestad de la parte que lo hubiese obtenido, teniendo derecho el otro cónyuge a continuar las relaciones de familia con sus hijos.

Para el caso de relaciones ilícitas terminadas de hombre y mujer con hijos naturales procreados durante esas relaciones, expresamente nada provee la legislatura y nos parece contraria a la razón natural y a la equidad la teoría de negar a la madre natural toda clase de derechos mientras viva el padre que ha reconocido la prole en aquélla habida, y otorgar al padre natural que sin razón alguna abandona a la mujer en quien ha procreado hijos, privilegios que no tiene el hombre que engendra hijos dentro del matrimonio y abandona a su legítima esposa. Semejante teoría conduciría al absurdo de reconocer a un padre más desnaturalizado que natural, el derecho de arrancar a un hijo reconocido de los brazos de su madre, en los primeros días de su existencia en que necesita ser lactado.

Ni la preferencia del padre sobre la madre para el ejercicio de la patria potestad establecida por el artículo 222 del Código Civil Revisado, enmendado por la ley de 14 de marzo de 1907, abona por si sola la pretensión del demandante sobre entrega de su hija Rosa. Comentando Scaevola el artículo 154 del Código Civil Español, similar al 222 del nuestro, se expresa en los siguientes términos:

"El Código Español, de acuerdo con la mayoría de los extranjeros, concede la preferencia al padre sobre la madre en el ejercicio de la patria potestad. La madre es, sin embargo, igual al padre en el ejercicio de algunos derechos y en el cumplimiento de ciertos deberes inherentes a la patria potestad. La alimentación de los hijos, el te-

nerles en su compañía, la corrección y castigo en el hogar doméstico, la percepción de los frutos, son comunes al padre y a la madre. La preferencia del padre se manifiesta en la representación legal de los hijos. Esto es lo que quiere decir la ley: que el padre asume por completo la personalidad jurídica de las leyes, íntegra, sin compartirla con la madre. Esta facultad es la que la madre puede sólo ejercer en defecto del padre; es decir, por muerte, ausencia o alguno de los casos comprendidos en los artículos 169, 170 y 171."

Y más adelante, comentando el mismo Scaevola el artículo 155 del Código Civil Español, concordante con el 223 del Revisado, añade:

"El artículo 155 del código, al enumerar los derechos y deberes de los padres respecto de la persona de sus hijos, les atribuye y señala respectivamente el padre, y en su defecto la madre. Pero, si bien se mira, se ve que no hay siempre tal primacía o preeminencia respecto de algunos de los efectos de la patria potestad. La obligación de alimentar a los hijos es de cargo de la sociedad de gananciales, según el número 5º. del artículo 1408. Los hijos han de estar en compañía de los dos padres, no en la de uno de éstos, porque los cónyuges, conforme al artículo 55, están obligados a vivir juntos. De la facultad de corregir y castigar moderadamente a los hijos no cabe duda que puede usar también la madre. Goza, sí, de preeminencia el padre en lo que afecta a la representación legal de los hijos, a la corrección establecida en el artículo 156 y en la administración de los bienes, es decir, en lo que no atañe a la enseñanza de la familia."

No es posible sentar como principio absoluto e inflexible que el hijo natural haya de vivir con el padre que lo ha reconocido y ejerce sobre él el derecho de patria potestad. Las condiciones del ejercicio de ese derecho deben regularse por las cortes, según las circunstancias especiales de cada caso, sin olvidar nunca que la patria potestad según nuestro derecho actual no es un beneficio para el padre o para la madre sino para el niño que de ella necesita.

La niña Rosa al ser reclamada su entrega por el demandante, contaba solamente dos años y medio de edad y necesita aún, como es natural en tan tierna edad, los cuidados amorosos y solícitos desvelos de la madre que le dió el ser.

Esa niña ha vivido siempre con su madre, a quien naturalmente ha de profesar más cariño que al padre. La moralidad actual de la madre es reconocida por el padre. El matrimonio legítimo del padre en el que ya ha procreado una niña ha de traer dificultades de orden moral para el sostenimiento de las relaciones de la madre con la hija. Habida consideración a esas circunstancias especiales, se está en el caso de negar al demandante el derecho de separar la niña de la madre, bajo cuya compañía y amparo debe continuar, sin perjuicio de modificar esa resolución cuando motivos razonables así lo aconsejen. Con ello no se priva al padre bajo ningún concepto de condición alguna esencial al derecho de patria potestad.

Procede confirmar la sentencia apelada en cuanto al niño Jaime y revocarla en cuanto a la niña Rosa, quedando desestimada la demanda en todas sus partes.